CASE 39—PETITION ORDINARY—SEPTEMBER 14.

# Chandler vs. Ferguson.

APPEAL FROM JOHNSON CIRCUIT COURT.

The purchaser of a mare, even for a valuable consideration, from a wrong-doer, who wrongfully took the mare from her owner, was not vested with a right of property in the mare. The possession of the wrong-doer was wrongful, and he had no title, and could not confer title to his purchaser. The subsequent possession of the purchaser was a conversion for which the owner could maintain his action.

JAMES E. STEWART,                                    For Appellant,
                        CITED—
5 B, Mon., 44; *Lawny & Bruce vs. Beckner.*
3 *Littell*, 371; *Carr vs. Calahan.*

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

The witnesses, it is true, do not, in direct and positive terms, prove that the gray mare which they saw in appellant's possession was appellee's mare; but they state they believe she was the same mare. Turner proves that H. Huff and himself went in company within a half mile of appellee's house, and he stopped and Huff went on; in about an hour Huff returned with appellee's mare; but he did not know what Huff did with her. And Pack proves he took a gray mare for appellant to Virginia, which he bought of H. Huff, swapped her off, and returned the one he got for her to appellant. Besides, when told by the wife and father, on two different occasions, that he had appellee's mare, appellant did not deny it, but said he had come by her honestly by paying his money for her, and had parted with her be-

fore he had notice that she belonged to appellee. We think, therefore, that the mare was satisfactorily identified by the evidence, and that it is sufficient to sustain the verdict.

The instruction asked by appellant was properly refused by the court. That instruction limited the inquiry of the jury to the facts whether appellant had or not parted with the mare before he had notice or information that she was the property of appellee, regardless of the manner in which he was deprived of the possession of her, or how appellant claimed her.

From the evidence, it must be assumed that the mare was wrongfully taken from appellee, and a sale of her by the wrong-doer, even for a valuable consideration, to appellant, could not, and did not, vest him with the right of property in her, as the possession of appellant's vendor was wrongful; and, as he had no title, he could confer none on appellant; and his subsequent possession was a conversion for which appellee could maintain his action.

But the instruction, as asked, was objectionable upon another ground. It did not even propose to submit to the jury an inquiry whether appellant was a purchaser for a valuable consideration; but, placing himself on the alleged want of notice of appellee's claim to the mare as a shield broad enough to protect him from responsibility, he wholly ignored an investigation of title in his vendor, or a purchase by him for a valuable consideration.

Perceiving no error in granting or refusing instructions, and regarding the verdict as sustained by the evidence, the judgment must be *affirmed*.